NOONAN, Circuit Judge,
dissenting:
I agree that California law governs and that the primary question is whether possession of the domain name rl.com was acquired by theft or fraud. A secondary question is its alleged abandonment.
Undisputed facts established that May-berry held the domain name rl.com registered through July 25, 2005. Undisputed facts established that Li Qiang transferred the domain name to himself before the registration to Mayberry had expired. No facts were presented to the court showing or even suggesting that Li Qiang had obtained the domain name by fraud rather than by theft.
The majority notes that Laxton checked the registry and found nothing suspicious. That fact establishes his innocence and good faith; it does not establish that Li Qiang had gotten hold of the domain name by fraud. Laxton was in the position of any innocent purchaser of stolen property. He had to return the property to the owner.
No reason exists to remand to the district court to find facts when the relevant facts were undisputed. The only factual challenge made by Laxton on this appeal is his assertion that the transfer to Li Qiang “was not tortious.” Brief for Appellant, p. 20. This assertion of nontortiousness is unsupported by citation to the record. It *1148 does not put at issue the district court’s conclusion that Li Qiang acquired the name by theft rather than by fraud. It is insufficient to create a factual dispute now needing resolution. On no page of his appeal does Laxton assert that he was an innocent purchaser for value of property fraudulently acquired by Li Qiang. The district court was correct when it found:
Defendants have not pointed to any evidence that Mayberry voluntarily transferred the title of rl.com to Qiang as a result of fraud. To the contrary, all of the evidence suggests otherwise.
The majority draws from the record the possibility that Mayberry deliberately abandoned mat.net by leaving it to a “virtual trash bin” of available domain names. There is no evidence that Mayberry abandoned rl.com in this way. The majority guesses that the abandonment of mat.net might have been the abandonment of both domain names. Its guess is without foundation. It is as though Mayberry had thrown away a bank statement that had on it the numbers and codes necessary to access a bank account. He surely would have meant to abandon the statement. It could not be reasonably inferred that he meant to abandon the account itself.